Lawrence W. JOHNSON, Plaintiff,

v.

William Harvey BARTON, Defendant.

Civ. A. No. 65–C–90–A.

United States District Court
W. D. Virginia,
Abingdon Division.

March 14, 1966.

M. Lacy West, Kingsport, Tenn., and Robert B. Davis, Bristol, Va., for Lawrence W. Johnson.

William B. Poff, and Talfourd Kemper, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for William Harvey Barton.

DALTON, Chief Judge.

The purpose of this action is to ascertain the validity and effect of an "Agreement and Release" which was executed by the plaintiff, Lawrence W. Johnson, (and joined in by his wife) relative to an automobile accident which occurred near Lebanon, Virginia, on September 23, 1965. At the time of the accident, Mr. Johnson was a passenger in a pickup truck being driven by Robert Daniel Urbanowski which collided with an automobile being driven by the defendant, William Harvey Barton.

Plaintiff was hospitalized for two days after the occurrence, and was first treated by Dr. E. E. Perry and later by Dr. William P. Templeton. It is the court's understanding that plaintiff is still under the care of Dr. Templeton and that neither physician has issued a medical report to date.

On October 7, 1965, Mr. C. V. McKinley, a representative of Nationwide Mutual Insurance Company, the defendant's insurer, called on Mr. Johnson at his home in Kingsport, Tennessee to discuss the possibility of a settlement of his claims against Mr. Barton. The two finally agreed to settle plaintiff's claims for one thousand dollars ($1,000.00) plus an agreement by Nationwide to pay any additional medical expenses incurred within one year after the accident, up to two thousand dollars ($2,000.00), and to pay thirteen dollars ($13.00) per day (which was computed by the parties as plaintiff's average daily wage), up to one hundred eighty (180) days after the accident, for each day that plaintiff might be confined indoors because of the accident. The $1,000.00, which was paid to Mr. Johnson at that time, can, according to counsel for the plaintiff, be broken down as follows: $250.00 for property damage (loss of certain tools), $180.00 for loss of work between September 23, 1965 and October 7, 1965, and $570.00 for disability, pain, and suffering.

Neither Mr. Johnson nor his wife read the document, which released the defendant from all claims for personal injuries, nor was it read to them by Mr. McKinley. At the time of signing the release was folded in half, at the request of the plaintiff, McKinley asserts, so that the signature lines were at the bottom. The release was witnessed by two neighbors.

Suit was subsequently filed by Mr. Johnson against Mr. Barton for damages which he received as a result of the accident, and the defendant has pleaded the release as a bar to the action.

The sole question to be determined here, according to counsel for the plaintiff, is whether the release is invalid by reason of its having been procured by false and fraudulent misrepresentations on the part of the adjuster, Mr. McKinley.

Plaintiff testified that he signed the agreement only because Mr. McKinley assured him that a new law had been passed which required insurance carriers to make payments to those affected by such an accident and who were in hardship until a trial on the merits could be had, and that the release would have absolutely no effect upon his lawsuit. If Mr. McKinley made such a representation, the court thinks it would be sufficient grounds for avoiding the release; if he did not, the release must be held valid, since no other fraud is alleged and counsel for the plaintiff, in a letter dated February 8, 1966, asserts that the defense of mutual mistake is not applicable in this case. The sole question for consideration, then, is one of fact.

The agreement and release was entered into in Tennessee, the releasor was a citizen of Tennessee, and presumably Tennessee will be the place of "performance" if further payments by the insurer are required, so the court is of the opinion that the law of Tennessee should govern the disposition of this part of the case.

It is well settled in Tennessee that fraud is never presumed, but must be clearly proven, as there is a presumption in favor of the fairness of the trans-

action and the innocence of the party accused. For this reason, the "burden of proof" is on the party asserting fraud to establish the same by clear and convincing evidence. The alleged representation must be material and reasonably relied upon to the detriment of the promisee. Pipkin v. Lentz, 49 Tenn.App. 206, 354 S.W.2d 87 (1961); Bevins v. Livesay, 32 Tenn.App. 1, 221 S.W.2d 106 (1949).

■ As used above, the term "burden of proof" refers to the "burden of persuasion" (as opposed to the "burden of pleading" or the "burden of producing evidence") and comes into play only when the evidence is in and the court finds itself in doubt as to the facts. The burden of persuasion entails more than merely producing evidence which would tend to put the court's mind in a state of equilibrium with respect to whether a certain fact exists or not and if, at the close of the evidence, this is the situation, then the decision must go against the party who has the burden of persuasion on the particular issue in question. See McCormick, Evidence § 307 (1954).

■ The court believes that the plaintiff has failed in this case to carry his burden of persuading the court by clear and convincing evidence that Mr. McKinley made the alleged false representations. At best, fair-minded persons might disagree on this matter. Without extensively reviewing all of the depositions, the court will note that it seems odd that Mr. Johnson, although a man of limited education, would think that the insurance company was merely making a mandatory interim payment, which had nothing to do with his coming lawsuit, when the agreement also provided for additional sums to be paid him in the event that he incurred *further* medical expenses or was forced to be absent from work as a result of the accident.

■ Counsel for the plaintiff devotes some time in an attempt to show that Mr. McKinley knew Mr. Johnson was represented by counsel at the time he entered into dealings with him. This is stoutly denied by Mr. McKinley, and the court again believes that the plaintiff has not met his burden of persuasion with respect to this issue. But even assuming, arguendo, that Mr. McKinley was aware of the fact that counsel had been employed, the outcome of this case would not be altered since the court has found that McKinley practiced no deception on the plaintiff.

■ Plaintiff also argues that the consideration for the release is grossly inadequate. However, it is settled that in the absence of fraud, inadequacy of consideration, like failure to contact counsel, is not, of itself, grounds for setting aside a release. See Collier v. Walls, 51 Tenn. App. 467, 369 S.W.2d 747 (1962).

It is the holding of this court that the release executed by Mr. and Mrs. Johnson is valid and may be pleaded as a bar to this action. However, the insurance carrier has made no claim that the additional agreement to pay for loss of work and medical expenses is not valid, and the court holds that the agreement to pay additional medical expenses incurred within one year after the accident, up to $2,000.00, and to pay $13.00 per day, up to 180 days after the accident, for each day that plaintiff might be confined indoors because of the accident, is valid and binding on Nationwide Mutual Insurance Company, and the court accordingly grants judgment to plaintiff for the sum of $1000.00 covering medical expenses, and $2340.00 for loss of services, plus the costs of this proceeding.

An order will be entered to this effect.