In re Dr. Roger G. **BOISVERT**, Debtor.

**STATE STREET BANK AND TRUST COMPANY, Plaintiff,**

v.

**Dr. Roger G. BOISVERT, Defendant.**

Bankruptcy No. 79–1883–G.
Adv. No. 4–80–0007.

United States Bankruptcy Court,
D. Massachusetts.

June 16, 1980.

Bernard Wall, Centerville, Mass., for State Street Bank.

Henry E. Geberth, Jr., Kamberg, Berman, Hendel, Gold & West, P. C., Springfield, Mass., for debtor Boisvert.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

On February 12, 1980, the State Street Bank and Trust Company (Bank) filed a complaint for a modification or release of the provisions of the automatic stay, § 362 of the Bankruptcy Code. They hold a secured interest in the dental and office equipment of Dr. Boisvert for a debt which they assert is not less than $42,198.55. They admit that the value of the collateral is $14,000 and that only $14,000 of the alleged $42,000 debt is deemed to be secured pursuant to the provisions of § 506 of subchapter 1 of Chapter 5 of Title 11 of the United States Code. The bank seeks a modification of the automatic stay either to raise the $300 monthly payment, pursuant to the proposed plan of arrangement, to $658.67 (the scheduled repayment figure prior to the Chapter 13 plan) or a release from the stay to allow them to reclaim their collateral.

The debtor, Dr. Boisvert, answered that the Bank has been offered adequate protection. A trial was held on May 2, 1980 in Springfield, Massachusetts.

Section 362(g) of the Bankruptcy Code deals with who has the burden of proof in cases brought under this section of the Code. It states in part:

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

At the trial on May 2, 1980, the Bank, as it is the party requesting relief, sought to establish the lack of the debtor's equity in the property. Initially, both parties agree that the value of the security is $14,000 and that this also represents the secured debt pursuant to § 506 of the Code. Additionally, the Bank sought to prove that the debtor currently owes approximately $29,066.98 plus $8,657.26 for a total debt of $37,724.24. The debtor successfully challenged the validity of this figure by establishing that the records produced at trial by the Bank's witness, Mr. Philip Green, were incomplete.

MR. HENDEL: So that the records that you have with you today are incomplete records of the bank with respect to all of the accounts of Doctor Boisvert, is that correct, sir?

MR. GREEN: Apparently (transcript, p. 12)

The Court is now asked to conclude that there is a lack of equity in the debtor's property. I find this impossible without knowing the true amount owed by the debtor. Testimony from the Bank's witness indicates that there is another officer of the Bank currently collecting payments and that there has been at least one payment made to that officer which was not reflected in the figures offered at trial. When questioned on the existence of any payments not applied to the records presented at trial, the Bank responded:

MR. GREEN: When I questioned the clerk in charge of that ledger book, she indicated that a check had arrived sometime in the past and that she did send that or forward it to Mr. Donlevy. I did not see that check. I don't know how

much it is. I assume that a check was received and that my clerk sent it to Mr. Donlevy. (transcript, p. 11)

I do not feel that the Bank has adequately satisfied their burden of proving the issue of debtor's equity. The figures are incomplete. I have no idea of what really is the amount of the debt. Therefore, I cannot conclude that there is a lack of equity.

The burden of persuasion . . . comes into play only when the evidence is in and the Court finds itself in doubt as to the facts. The burden of persuasion entails more than merely producing evidence which would tend to put the court's mind in a state of equilibrium with respect to whether a certain fact exists or not and if, at the close of the evidence, this is the situation, then the decision must go against the party who has the burden of persuasion in the particular issue in question. See McCormick, Evidence § 387 (1954). *Johnson v. Barton*, 251 F.Supp. 474, 476 (W.D.Va.1966)

It is the finding of the Court that the relief requested by the Bank is DENIED.